HALEY, S.J.,
concurring, in part, and dissenting, in part.
I concur with the majority: (1) that the trial court had subpoena jurisdiction over Yelp, and (2) that Code § 8.01-407.1 provides a procedural and substantive path of analysis for determining the propriety of issuing an unmasking subpoena duces tecum which constitutionally balances the First Amendment protection of an anonymous speaker and the right of redress for defamation.
Code § 8.01-407.1(A)(1)(a), (b), and (c) define the “supporting material” to be attached to the request for an unmasking subpoena duces tecum. This dissent maintains that the supporting material did not suffice to justify issuance of the subpoena.[10]
Subsection (A)(1)(a) requires that the communications “are or may be tortious.” To be tortious the communications must be false. Tharpe v. Saunders, 285 Va. 476, 481, 737 S.E.2d 890, 892 (2013). Six of the seven communications claimed *711 Hadeed overcharged and/or failed to honor a quoted price.[11] Nowhere in this cause has Hadeed claimed that any of the substantive statements are false. Rather, Hadeed maintains, these communicators may not have been customers, and, if they were not, the substantive statements may be tortious.
Subsection (A)(1)(b) requires that “reasonable efforts” for identification have been fruitless, and subsection (A)(1)(c) requires that identity is “needed to advance the claim.”
In the trial court counsel for Hadeed stated: “I don’t know whether that person is a customer or not, and we suspect not.”
In material supporting issuance of the subpoena request, Hadeed writes:
8. After conducting an independent investigation in an attempt to match the negative reviews ... with customers on the Hadeed customer database, Hadeed determined that it simply had no record that the negative reviewers were ever actually Hadeed customers.
* * * * * *
26. In order to advance its defamation claim, Hadeed must ascertain whether or not Defendants were in fact customers.
In oral argument before this Court, Hadeed candidly admitted that it cannot say the John Doe defendants are not customers until it obtains their identities.
This, I suggest, is a self-serving argument—one that proceeds from a premise the argument is supposed to prove. If Hadeed were an individual, he would be attempting to “ ‘lift himself by his own bootstraps.’ ” Turpin v. Branaman, 190 Va. 818, 827, 58 S.E.2d 63, 67 (1950).
Anonymous speech is protected by the Constitution of the United States and by Article 1, Section 12 of the Constitution of Virginia. A business subject to critical commentary, commentary here not even claimed to be false in substance, should not be permitted to force the disclosure of the identity of anonymous commentators simply by alleging that those com *712 mentators may not be customers because they cannot identify them in their database.
Under the facts in this case, the balance envisioned by Code § 8.01-407.1 should weigh for the protection afforded by our Constitutions. Accordingly, I would reverse the trial court’s finding of civil contempt and quash the subpoena duces tecum.

. I concur with the majority that Hadeed complied with all other subsections of Code § 8.01-407.1.

. One of the commenters claimed Hadeed had "shrunk” his rugs.